UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CRIMINAL DIVISION

UNITED STATES OF AMERICA,           CASE NO.: 09-21010-CR-JEM

    Plaintiff,

vs.

CARLOS RODRIGUEZ,

    Defendant.
_____/

**DEFENDANT RODRIGUEZ' SUPPLEMENTAL SUBMISSION OF AUTHORITIES IN SUPPORT OF HIS MOTION FOR VARIANCE**

**COMES NOW**, the Defendant Carlos Rodriguez, and respectfully submits the following supplemental authority and analysis in support of his Motion for Variance (See: DE 575).

1.  *United States v. Green* (Unpublished opinion; CR- 08-00059(B)-GW). In this case, the defendant, Gerald Green, a Hollywood film executive, was found guilty of conspiring to violate the Foreign Corrupt Practices Act, nine counts of violating the FCPA, and seven counts of money laundering related to payments to officials in Thailand in order to secure lucrative film festival contracts. The court saw fit to vary significantly from the

1

guidelines and the Government's request of a sentence of 10 years, by sentencing Green to 6 months imprisonment, $250,000 restitution.

2. *United States v. Kay*, 513 F.3d 432 (5th Cir., 2007). The Court of Appeals for the Fifth Circuit affirmed the criminal conviction of the Defendant, David Kay, for violating the anti-bribery provisions of the FCPA (15 U.S.C. §§ 78dd-1, 78-dd-2). Kay was formerly vice president of American Rice, Inc. (ARI), a Houston-based rice exporter. In 1999, ARI's board learned through an internal investigation that Kay and Murphy had paid bribes to reduce duties and taxes in Haiti -- which was "business as usual" there during the 1990's. Kay was sentenced to 37 months imprisonment and 2 years supervised release.

3. *United States v. Kozeny*, 638 F.Supp.2d 348 (S.D.N.Y., 2009). Frederic Bourke was convicted on Friday of conspiring to violate the Foreign Corrupt Practices Act and the Travel Act, and lying to FBI agents. He was acquitted of money laundering. The judge departed significantly downward from the 10-year sentence prosecutors asked for, sentencing him to 366 days imprisonment at a minimum security camp, 3 years supervised release, and a $1,000,000 fine. The jury found that he invested in Czech-born promoter Viktor Kozeny's unsuccessful attempt in 1998 to gain

control of Azerbaijan's state oil company, Socar, despite knowing Kozeny planned to bribe Azeri leaders.

4. *Offense Level Analysis of Rodriguez' and Robert Antoine's Sentences*

Assuming that Antoine went to trial and was convicted for his role in the scheme, Antoine's offense level computation would be indistinct from Rodriguez'. Thus, Antoine would have had an offense level of 34 and a sentencing range of 151-188 months. Antoine was ultimately sentenced to 57 months imprisonment, meaning that he received a median variance of 66% from the applicable guideline range. Accounting for the 3 level variance received for pleading guilty and the ensuing offense level of 31, Antione still received a 53% variance for conduct that at all times was more severe than Rodriguez'. A 53% median variance for Rodriguez, which is justified and in the interests of fairness, would result in a sentence of 64 months.

Antoine's offense level computation would have been as follows:

1. Base Offense Level (Bribery): (2C1.1)                              12

2. Enhancement for more than one bribe: (2C1.1(b)(1))                 +2

3. Enhancement for bribes in excess of $5000: (2B1.1)                 +2

4. $1.8 million net benefit: (2B1.1(b)(1)(I))                         +16

5. Enhancement for sophisticated laundering: (2S1.1(b)(3))            +2

6. Enhancement for violation of 18 USC 1956: (2S1.1(b)(2))    +2

7. Reduction for acknowledgment of guilt                       - 3

**Total:**                                                     **31**

WHEREFORE, the Defendant, Carlos Rodriguez, respectfully prays that this Honorable Court consider the foregoing in support of his Motion for Variance.

                                                                         Respectfully Submitted,

                                                                         s/<u>Arturo V. Hernandez</u>

                                                                         Arturo V. Hernandez PA
                                                                         Grove Forrest Plaza
                                                                         2937 SW 27th Avenue,
                                                                         Suite 101,
                                                                         Miami Florida, 33133
                                                                         305- 443-7527
                                                                         Fax 305-446- 6150

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY, that on the day of September 15, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to ALL PARTIES. In addition undersigned counsel has by facsimile transmission delivered a copy of this pleading to Katherine Gomez, USPO.

By: s/<u>Arturo V. Hernandez</u>
Florida Bar No. : 324078
2937 SW 27 Avenue
Suite 101
Miami, Fl 33133
Telephone: 305-443-7527
Facsimile: 305-446-6150
