# United States District Court

## Southern District of Florida

### MIAMI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | **Case Number - 1:09-21010-CR-MARTINEZ-2** |
| **CARLOS RODRIGUEZ** | USM Number: 82805-004 |

Counsel For Defendant: Arturo Hernandez
Counsel For The United States: Aurora Fagan,
James Koukios, Nicola Mrazck
Court Reporter: Dawn Whitmarsh

_____

The defendant was found guilty on Count(s) 1 through 21 of the Indictment.
The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to violate the Foreign Corrupt Practices Act and to commit wire fraud | March 2005 | One |
| 15 U.S.C. § 78dd-2 | Violations of the Foreign Corrupt Practices Act | November 20, 2003 | Two |
| 15 U.S.C. § 78dd-2 | Violations of the Foreign Corrupt Practices Act | December 16, 2003 | Three |
| 15 U.S.C. § 78dd-2 | Violations of the Foreign Corrupt Practices Act | December 30, 2003 | Four |
| 15 U.S.C. § 78dd-2 | Violations of the Foreign Corrupt Practices Act | January 23, 2004 | Five |
| 15 U.S.C. § 78dd-2 | Violations of the Foreign Corrupt Practices Act | February 3, 2004 | Six |
| 15 U.S.C. § 78dd-2 | Violations of the Foreign Corrupt Practices Act | February 19, 2004 | Seven |
| 15 U.S.C. § 78dd-2 | Violations of the Foreign Corrupt Practices Act | March 25, 2004 | Eight |
| 18 U.S.C. § 1956(h) | Conspiracy to commit money laundering | March 2005 | Nine |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | March 1, 2004 | Ten |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | June 25, 2004 | Eleven |

| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | July 28, 2004 | Twelve |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | July 29, 2004 | Thirteen |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | August 6, 2004 | Fourteen |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | August 27, 2004 | Fifteen |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | August 27, 2004 | Sixteen |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | September 20, 2004 | Seventeen |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | September 20, 2004 | Eighteen |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | January 6, 2005 | Nineteen |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | January 6, 2005 | Twenty |
| 18 U.S.C. § 1956(a)(1)(B)(i). | Money laundering | March 29, 2005 | Twenty One |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
October 25, 2011

JOSE E. MARTINEZ
United States District Judge

October 26 , 2011

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

DEFENDANT: CARLOS RODRIGUEZ
CASE NUMBER: 1:09-21010-CR-MARTINEZ-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **84 months.** The term consists of terms of 60 months as to each of Counts 1 through 8 and terms of 24 months as to each of Counts 9 through 21, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

This defendant shall be designated to a Prison Camp setting in South Florida, consistent with defendants background and the offense in which the defendant is convicted of.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons or at the Atkins Building, 301 N. Miami Avenue, 2nd Floor on or **before 2:00 P.M. on November 30, 2011.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

DEFENDANT: CARLOS RODRIGUEZ
CASE NUMBER: 1:09-21010-CR-MARTINEZ-2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**. This term consists of 3 years as to each of Counts 1 through 21, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

DEFENDANT: CARLOS RODRIGUEZ
CASE NUMBER: 1:09-21010-CR-MARTINEZ-2

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Surrendering to Immigration for Removal After Imprisonment -** At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

**Financial Disclosure Requirement -** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction -** The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Employment Requirement -** The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

**Employment Solicitation Restriction -** The defendant shall not be engaged in any business that offers securities, investments, or business opportunities to the public. The defendant is further prohibited from engaging in telemarketing, direct mail, or national advertising campaigns for business purposes without the permission of the Court.

**Self-Employment Restriction -** The defendant shall obtain prior written approval from the Court before entering into any self-employment.

**Related Concern Restriction -** The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any related concern during the period of supervision.

**Permissible Search -** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

DEFENDANT: CARLOS RODRIGUEZ
CASE NUMBER: 1:09-21010-CR-MARTINEZ-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $2,100. | $ | $2,200,000. |

**Restitution with Imprisonment -**
It is further ordered that the defendant shall pay restitution in the amount of **$2,200,000.** This restitution is owed jointly and severally among the co-defendants and with **Juan Diaz in Docket No. 09-20346-CR-Martinez.**

During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the Court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the Court any material change in the defendant's ability to pay. These payments do not preclude the government from using any other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution obligations. The restitution shall be made payable to Clerk, United States Courts, and forwarded to:

U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
400 N. MIAMI AVENUE, RM 8N09
MIAMI, FL 33128

The restitution will be forwarded by the Clerk of the Court to the victim on the attached list.

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| See Victims List | $Amount of Loss | $2,200,000. | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

DEFENDANT: CARLOS RODRIGUEZ
CASE NUMBER: 1:09-21010-CR-MARTINEZ-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

   A.  Lump sum payment of **$2,100.** Due immediately, balance due

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

   **U.S. CLERK'S OFFICE**
   **ATTN: FINANCIAL SECTION**
   **400 NORTH MIAMI AVENUE, ROOM 8N09**
   **MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately.  The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

   Joint and Several

Defendant and Co-Defendant Names and Case Numbers , Total Amount, Joint and Several Amount, and corresponding payee.

| | | |
|---|---|---|
| Antonio Perez | 09-20347-CR-MARTINEZ | $2,200,000. |
| Jean Fourcand | 10-20062-CR-MARTINEZ | $2,200,000. |
| Robert Antoine | 09-21010-CR-MARTINEZ | $2,200,000. |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,(7) penalties, and (8) costs, including cost of prosecution and court costs.