UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 09-21010-CR - MARTINEZ**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CARLOS RODRIGUEZ, | ) |
| Defendant. | ) |

**DEFENDANT CARLOS RODRIGUEZ'S MOTION TO STAY ORDER OF SURRENDER PENDING RULING ON THE MOTION FOR RECONSIDERATION FILED HEREWITH AND THE COURT OF APPEAL'S REVIEW OF ORDER DENYING MOTION FOR BOND PENDING APPEAL, OR IN THE ALTERNATIVE, MOTION TO EXTEND ORDER OF SURRENDER BY 30 DAYS**

The defendant, Carlos Rodriguez ("Rodriguez"), through his undersigned counsel, respectfully moves this Court for a stay of its Order requiring Rodriguez to surrender on or before November 30, 2011 (the "Surrender Date") for service of his prison sentence imposed herein pending both (a) resolution by this Court of Rodriguez's Motion for Reconsideration and for Further Findings With Respect to Order Denying Magistrate's Text Order Denying Motion for Bond Pending Appeal, filed contemporaneously herewith; and (b) review by the Eleventh Circuit Court of Appeals (the "Eleventh Circuit") of this Court's Order denying Rodriguez's Motion for Bond Pending Appeal. In the alternative, and in the event the Court denies a stay of the Surrender Date, Rodriguez requests that the Surrender Date be continued by 30 days, to December 30, 2011, to allow Rodriguez to petition the Eleventh Circuit for a stay of the Surrender Date and to spend the Christmas holidays with his family before going to prison for seven years. The grounds for this motion are as follows:

4848-4274-9966.2

1. This case has presented complex and novel issues of law, some of which were issues of first impression in this circuit. As this Court knows, this case has required the Court to make difficult judgments on a variety of issues. Rodriguez respectfully submits that, as a result, there are substantial issues on appeal and that there is a reasonable likelihood that the Court of Appeals will consider granting an appeal bond in this case. Since there is no issue of flight risk or danger to the community, Rodriguez submits that a stay of his reporting date is fair and sensible so that he can have an opportunity to make his case to the Court of Appeals. Additionally, he is requesting the stay so that he can spend the Christmas holidays with his family before he begins serving a seven year prison sentence.

2. On October 1, 2011, pursuant to 18 U.S.C. § 3143(b), Rodriguez filed his Motion for Bond Pending Appeal (the "Bond Motion") asking this Court to continue his release from imprisonment pending the appeal of his conviction and sentence in this case to the Eleventh Circuit. [Dkt. 585]

3. On October 25, 2011 this Court (a) sentenced Rodriguez to a term of 84 months imprisonment and (b) ordered Rodriguez to self-surrender for service of the sentence on or before November 30, 2011. [Dkt. 626]

4. At his sentencing, the Court referred the Bond Motion to Magistrate Judge Dubé for his determination and recommendation (the "Magistrate's Order"). [Dkt. 627]

5. On October 31, 2011, Magistrate Judge Dubé entered a text order denying the Bond Motion, but failed to state in a written order the reasons why Rodriguez failed to satisfy the legal standard under 18 U.S.C. § 3143(b). [Dkt. 632]

6. On November 11, 2011 Rodriguez filed a motion appealing the Magistrate's Order to this Court (the "Appeal of the Magistrate's Order"). [Dkt. 639]

7. On November 11, 2011, Rodriguez filed a Notice of Appeal of his conviction and sentence in this case to the Eleventh Circuit. [Dkt. 642]

8. On November 21, 2011, this Court entered its Order denying the Appeal of the Magistrate's Order (the "Bond Order"). [Dkt. 650]. However, the Bond Order did not clearly set forth in writing (or on the record) the reasons for its denial in the manner required by Rule 9 of the Federal Rule of Appellate Procedure ("Rule 9") and Eleventh Circuit precedent. *See In re Smith*, 823 F.2d 401 (11th Cir. 1987).

9. Rodriguez has sought reconsideration of the Bond Order and intends to seek review of the Bond Order in the Eleventh Circuit pursuant to Rule 9. However, because Rule 9 requires that a district court state in writing, or orally on the record, the reasons for an order regarding the release of a defendant in a criminal case, Rodriguez may be unable to obtain a review of the Bond Order in the Eleventh Circuit unless and until this Court sets forth, in writing, its statement of reasons for denying the Bond Motion.

10. Accordingly, contemporaneously herewith, Rodriguez has filed with this Court a Motion for Reconsideration and for Further Findings With Respect to the Bond Order (the "Motion for Reconsideration") asking the Court to reconsider its Order, and specify, in writing, the reasons for its denial of the Bond Motion under the legal standard set forth in 18 U.S.C. § 3143(b).

11. Immediately upon this Court's ruling on the Motion for Reconsideration, and assuming the Court maintains its denial of the Bond Motion, Rodriguez is prepared to file a motion for release pending appeal in the Eleventh Circuit. Given the length of time this process has required in the District Court, there may not be sufficient time to have the motion presented to and decided by the Court of Appeals before Rodriguez's reporting date next week on

November 30.  There is no harm to the government to stay the reporting date for a reasonable period of time to allow the Court of Appeals to rule on this motion.

12. Accordingly, Rodriguez requests that the Court stay the Surrender Date pending the resolution of (a) the Motion for Reconsideration by the Court; and (b) the Motion for Release Pending Appeal to be filed in the Eleventh Circuit.

13. A stay of the Surrender Date is warranted for several reasons.  First, as the Government conceded in its response to the Bond Motion [Dkt. 600], (a) if released pending appeal, Rodriguez is not likely to flee or pose a danger to the safety of any other person or the community; and (b) Rodriguez's appeal is not being pursued for purposes of delay.  In its Bond Order, the Court itself recognized that Rodriguez "has an arguable position and would not be bringing a frivolous appeal." [Dkt. 650].  Second, as recounted in various briefs filed before this Court, the issues to be raised by Rodriguez in his appeal, especially with respect to his conviction for violating the Foreign Corrupt Practices Act (the "FCPA"), represent significant issues of paramount importance in the area of FCPA jurisprudence.  Specifically, the issues relating to the proper scope of the FCPA's "foreign official" element as it relates to "state-owned enterprises", represent issues of first impression for any Court of Appeals. The Eleventh Circuit on the record in this case should find that a substantial question exists with respect to these issues and grant release pending appeal.  Finally, allowing Rodriguez to remain free pending his appeal will allow Rodriguez to continue to work to support his wife and three children.

14. In the alternative, and in the event the Court denies a motion to stay pending resolutions by this Court of the Motion for Reconsideration and by the Eleventh Circuit of a motion for release pending appeal, Rodriguez requests a short 30-day extension of the Surrender Date to allow him sufficient time to file a Motion to stay the Surrender Date with the Eleventh

4

Circuit.  Given that only 7 days remain until the November 30, 2011 Surrender Date, which time is further truncated given the intervening Thanksgiving holiday, there is insufficient time for Rodriguez to seek and obtain a stay of the Surrender Date from the Eleventh Circuit should the Court deny this Motion.  A 30-day extension of the Surrender Date would afford Rodriguez sufficient time to seek and obtain this relief.  This would also permit him time to spend the Christmas holidays with his wife and children before having to report to begin the ordered prison sentence of seven years.  This is a reasonable request.

### Rule 88.9 Certification

Pursuant to Local Rule 88.9, the undersigned certifies that on November 23, 2011 several attempts were made to confer with counsel for the Government regarding the relief requested herein, but most likely due to the Thanksgiving holiday, the undersigned has been unable to reach the Government's counsel.   Accordingly, the undersigned will continue to make attempts to contact the Government's counsel, and will file a supplement to this motion once the conference required under the Local Rule has taken place.

WHEREFORE, Rodriguez respectfully requests that the Court stay the Surrender Date pending (a) this Court resolution of the Motion for Reconsideration; and (b) the Eleventh Circuit's resolution of a motion for release pending appeal.  In the alternative, Rodriguez requests a 30-day extension of the Surrender Date, to December 30, 2011, to allow him sufficient time to seek a stay of the Surrender Date in the Eleventh Circuit.

4848-4274-9966.2

Respectfully submitted,

/s/ Lauren L. Valiente
Lauren L. Valiente (FBN 034775)
lvaliente@foley.com
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL  33602-5810
P.O. Box 3391
Tampa, FL 33601-3391
813.229.2300
813.221.4210

Attorneys for Defendant CARLOS RODRIGUEZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of November, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:  Aurora Fagan at aurora.fagan@usdoj.gov, Daren Grove at daren.grove@usdoj.gov, James M. Koukios at james.koukios@usdoj.gov, Nicola J. Mrazek at Nicola.Mrazek@usdoj.gov, and Michael James Rosen at mjr@mjrosenlaw.com.

/s/ Lauren L. Valiente
Attorney

4848-4274-9966.2